David Simantob, Esq., SBN 155790
    Email: David.Simantob@wilsonelser.com
Lilian M. Khanjian, Esq., SBN 259015
    Email: Lilian.Khanjian@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone:    213.443.5100
Facsimile:    213.443.5101

*Attorneys for Plaintiff SENTINEL INSURANCE COMPANY, LTD.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., | CASE NO. 3:20-cv-00150 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| vs. | |
| ROBINHOOD MARKETS, INC., a Delaware corporation; ROBINHOOD FINANCIAL, LLC, a Delaware limited liability company, | |
| Defendants. | |

Plaintiff Sentinel Insurance Company, Ltd. ("Sentinel") hereby makes its Complaint for Declaratory Relief against Defendants Robinhood Markets Inc. and Robinhood Financial, LLC (collectively, "Defendants") and alleges as follows:

### INTRODUCTION

1.      Sentinel brings this action for a declaration that it has no duty to defend or indemnify Defendants in the putative class action entitled *Isaac Gordon*, an individual, and all those similarly situated, *v. Robinhood Financial, LLC and Robinhood Markets, Inc.*, Superior Court of Washington, County of Spokane, Case No. 1920457432 ("Underlying Action") pursuant to the policies which it issued to Robinhood Markets Inc. referenced below.

### THE PARTIES

2.      Sentinel is now and was at all relevant times a corporation formed under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.  At all

1

3549478v.1
207948620_1 LAW

times mentioned in this Complaint, Sentinel has been authorized to do business in the State of California.

3.    Robinhood Markets is a company incorporated in State of Delaware with its principal place of business in Menlo Park, California.  Robinhood Markets is headquartered in Menlo Park, California.

4.    Robinhood Financial is a Delaware limited liability company with its principal place of business in Menlo Park, California.  Robinhood Financial is headquartered in Menlo Park, California.

## JURISDICTION AND VENUE

5.    This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to resolve an actual controversy between the parties as set forth herein.  This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332, because there is complete diversity of citizenship between Sentinel, on the one hand, and Robinhood Markets and Robinhood Financial, on the other hand, and there is more than $75,000 in controversy.

6.    Venue is proper pursuant to 28 U.S.C. § 1391(a).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because this is a civil action in which subject matter jurisdiction is founded only on diversity of citizenship and the action is brought in a judicial district in California where Robinhood Markets and Robinhood Financials were doing business and headquartered in at all relevant times and in which the Policies were issued to Robinhood Markets.

## INTRADISTRICT ASSIGNMENT

7.    It is appropriate to assign this case to the San Francisco Division because this case arose in San Mateo County, California and a substantial part of the events which give rise to this action occurred within the county of San Mateo pursuant to Northern District of California Local Rule 3-2(c) and (d).

## THE POLICIES

8.    Sentinel issued Policy No. 57 SBA BG3969 to Robinhood Markets, effective from

3549478v.1
207948620_1 LAW

April 1, 2015 to April 1, 2016 ("2015-2016 Policy").  A true and correct copy of the 2015-2016 Policy is attached as Exhibit "A" hereto.

9.     Sentinel issued Policy No. 57 SBA BG3969 to Robinhood Markets, effective from April 1, 2016 to April 1, 2017 ("2016-2017 Policy").  A true and correct copy of the 2016-2017 Policy is attached as Exhibit "B" hereto.

10.     Sentinel issued Policy No. 57 SBA BG3969 to Robinhood Markets, effective from April 1, 2017 to April 1, 2018 ("2017-2018 Policy").  A true and correct copy of the 2017-2018 Policy is attached as Exhibit "C" hereto.

11.     Sentinel issued Policy No. 10 SBA BG3969 to Robinhood Markets, effective from April 1, 2018 to April 1, 2019 ("2018-2019 Policy").  A true and correct copy of the 2018-2019 Policy is attached as Exhibit "D" hereto.

12.     Sentinel issued Policy No. 57 SBA BL5049 to Robinhood Markets, effective from April 1, 2019 to April 1, 2020 ("2019-2020 Policy").  A true and correct copy of the 2019-2020 Policy is attached as Exhibit "E" hereto.

13.     The 2015-2016 Policy, the 2016-2017 Policy, the 2017-2018 Policy, the 2018-2019 Policy and the 2019-2020 Policy shall be collectively referred to herein as "the Policies". The Policies contain the same relevant language.

14.     The Policies contain Business Liability Coverage Form [Form SS 00 08 04 05], which provides in pertinent part as follows:

**BUSINESS LIABILITY COVERAGE FORM**

**A.  COVERAGES**

**1.  BUSINESS  LIABILITY  COVERAGE  (BODILY  INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

**Insuring Agreement**

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this

1        insurance does not apply. . . .

2                        * * *

3    **b.**    This insurance applies:

4        **(1)**    To "bodily injury" and "property damage" only if:

5                        * * *

6            **(b)**    The "bodily injury" or "property damage" occurs
7            during the policy period; . . . .

8        **(2)**    To "personal and advertising injury" caused by an offense
9            arising out of your business, but only if the offense was
10           committed in the "coverage territory" during the policy
             period.

11                       * * *

12   **B.**    **EXCLUSIONS**

13       **1.**    **Applicable To Business Liability Coverage**

14           This insurance does not apply to:

15                       * * *

16       **p.**    **Personal and Advertising Injury**

17           "Personal and advertising injury":

18                       * * *

19           **(2)**    Arising out of oral, written or electronic publication
             of material whose first publication took place before the
20           beginning of the policy period;

21                       * * *

22           **(11)**    Arising out of the violation of a person's right of
             privacy created by any state or federal act. However, this
23           exclusion does not apply to liability for damages that the
             insured would have in the absence of such state or federal
24           act;

25                       * * *

26           **(15)**[1] Arising out of any access to or disclosure of any
             person's or organization's confidential or personal

27   _____

28   [1] As added by "Business Liability Coverage Form Amendatory Endorsement", Form SS 00 60 09
     15.

                                        4
                      COMPLAINT FOR DECLARATORY RELIEF

information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.  This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

\* \* \*

q.[2]    **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

(1)    Damages, other than damages because of "personal and advertising injury", arising out of any access to or disclosure of any person's or organization's confidential or personal information, including        patents, trade secrets, processing methods, customer lists, financial information, credit   card information, health information or any other type of nonpublic information; or

(2)    Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph (1) or (2) above.

\* \* \*

As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device

---

[2] As added by "Business Liability Coverage Form Amendatory Endorsement", Form SS 00 60 09 15.

COMPLAINT FOR DECLARATORY RELIEF

to receive, process, store, retrieve or send data.

\* \* \*

t.      **Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information**

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1)      The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2)      The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(3)      Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

\* \* \*

**G.      LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

\* \* \*

**5.** "**Bodily injury**" means physical:

a.      Injury;

b.      Sickness; or

c.      Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\* \* \*

**17.**[3]      "**Personal and advertising injury**" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.      False arrest, detention or imprisonment;

b.      Malicious prosecution;

---

[3] As modified by the "Limitation Of Coverage Personal And Advertising Injury - Financial Services" Endorsement, Form SS 50 70 09 15.

COMPLAINT FOR DECLARATORY RELIEF

c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.     Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

However, paragraphs a., b., c. and d. do not include such offenses if arising out of or in any way related to, mortgage, lien, mortgage servicing or lien servicing operations conducted by or on behalf of the insured, including but not limited to:

(1)     The restructure, termination, transfer or collection of any loan, lease or extension of credit; or

(2)     The repossession or foreclosure of property;

e.     Oral, written or electronic publication of material that violates a person's right of privacy;

However, paragraph e. does not include any offense when alleged, charged or suffered by a "customer";

f.     Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

g.     Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

* * *

"**Customer**"[4] means a person, corporation, partnership or other entity, which:

a.     Is applying for, or requesting, the insured's products or services;

b.     Has applied for, or has requested, the insured's products or services;

c.     Is presently using the insured's products or services; or

d.     Has used the insured's products or services, and who makes a claim or brings a "suit" which arises out of, or is in any way related to, any of the above.

---

[4] Endorsement, Form SS 50 70 09 15, "Limitation Of Coverage Personal And Advertising Injury - Financial Services" adds the "customer" definition.

COMPLAINT FOR DECLARATORY RELIEF

3549478v.1
207948620_1 LAW

"Customer" includes the spouse, child, parent, brother or sister of that person or entity who makes such a claim or "suit".

\* \* \*

20.    "**Property damage**" means:

a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

As used in this definition, "electronic data" is not tangible property.

\* \* \*

15.    The 2018-2019 Policy and the 2019-2020 Policy contain "Umbrella Liability Provisions" (Form SX8002 04/05), which provides in pertinent part as follows:

**SECTION I - COVERAGES**

**INSURING AGREEMENTS**

**A. Umbrella Liability Insurance**

1.    We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence"….

\* \* \*

2.    This insurance applies to "bodily injury", "property damage" or "personal and advertising injury" only if:

a.    The "bodily injury", "property damage" or "personal and advertising injury" occurs during the "policy period"….

\* \* \*

**B. EXCLUSIONS**

This policy does not apply to:

**4. Personal and Advertising Injury[5]**

---

[5] As amended by "Following Form Endorsement – Personal And Advertising Injury", Form SX 24 33 06 10.

COMPLAINT FOR DECLARATORY RELIEF

3549478v.1
207948620_1 LAW

This policy does not apply to "personal and advertising injury".

**EXCEPTION**

This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance", but in no event shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply. Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies.

\* \* \*

**"Access Or Disclosure Of Confidential Or Personal Information And Data Related Liability- With Limited Bodily Injury Exception" Endorsement**

\* \* \*

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**[6]

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's       confidential   or personal
information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

\* \* \*

**22. Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**[7]

Damages arising out of:

(1)   Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health

---

[6] As added by "Access Or Disclosure Of Confidential Or Personal Information And Data Related Liability- With Limited Bodily Injury Exception" Endorsement, Form SX 23 15 12 15.

[7] As modified by "Access Or Disclosure Of Confidential Or Personal Information And Data Related Liability- With Limited Bodily Injury Exception" Endorsement, Form SX 23 15 12 15.

COMPLAINT FOR DECLARATORY RELIEF

3549478v.1
207948620_1 LAW

information or any other type of nonpublic information; or

(2)  The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.
This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph (1) or (2) above.

However, unless Paragraph (1) above applies, this exclusion does not apply to damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

* * *

**24. Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information**

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

a.     The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
b.     The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or
c.     Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

* * *

**SECTION VII – DEFINITIONS**

Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.

* * *

D.     "**Damages**" means a monetary award, monetary settlement or monetary judgment. "Damages" include prejudgment interest awarded against the "insured" on that part of the judgment we pay.

---

10

COMPLAINT FOR DECLARATORY RELIEF

The following are not considered "damages" and are not covered by this policy:

1.      Fines, penalties, sanctions or taxes;
2.      Attorney's fees and costs associated with any non-monetary relief awarded against the "insured"; or

3. Any monetary award, monetary settlement or monetary judgment for which insurance is prohibited by the law(s) applicable to the construction of this policy.
* * *

**F.      "Occurrence"** means:

* * *

2.      With respect to "personal and advertising injury", an offense described in one of the numbered subdivisions of that definition in the "underlying insurance".

* * *

## THE CLAIM

16.     On October 29, 2019, the Underlying Action was filed, naming Robinhood Financial and Robinhood Markets as defendants.  A true and correct copy of the Complaint in the Underlying Action ("Complaint") is attached as Exhibit "F" hereto.

17.     The Underlying Action was brought as a putative class action by plaintiff Isaac Gordon on behalf of himself and all those similarly situated ("Gordon").  Gordon alleges he is a Washington individual who regularly uses a cellular telephone or similar device with the capacity to send and receive transmissions of electronic text messages.  (Exh. "F" hereto, Complaint, ¶ 5.2.)   The Underlying Action alleges that the Defendants operate an online investment brokerage service and conduct related business activities serving consumers, businesses, and other organizations throughout Washington and the United States. (Exh. "F", Complaint, ¶ 5.3.)  The Underlying Action alleges that Defendants regularly initiate or assist in the transmission of electronic text messages promoting its commercial brand and services through its "refer-a-friend" (RAF) program, for which it originates, formulates, composes, and initiates electronic commercial text messages to be transmitted to third-party recipients by its existing users.  (Exh. "F", Complaint, ¶ 5.4.)   The Underlying Action alleges that Defendants do not obtain targeted recipients' clear and affirmative consent to receive the Defendants' commercial electronic text

COMPLAINT FOR DECLARATORY RELIEF

3549478v.1
207948620_1 LAW

messages prior to initiating or assisting in the transmission of such messages to those recipients (Exh. "F" hereto, Complaint, ¶ 5.5.)

18.     In July 2019, Gordon alleges to have received an unsolicited commercial electronic text message promoting the Defendants' brand and services which he alleges was initiated or assisted by the Defendants. (Exh. "F", Complaint, ¶¶ 5.6, 5.7.) Gordon alleges that the unsolicited commercial electronic text message invited him to sign up for the Defendants' online brokerage services, promising special incentives for doing so. (Exh. "F", Complaint, ¶ 5.8.) Gordon alleges that the text message did not include an "opt-out" or "stop" option enabling the recipient to preclude further unsolicited commercial electronic text messages. (Exh. "F", Complaint, ¶ 5.9.) Gordon alleges he did not consent to receive commercial electronic text messages from the Defendants. (Exh. "F", Complaint, ¶ 5.10.)

19.     The Underlying Action alleges that in the four years prior to the transmission of the first unsolicited commercial electronic text message to Gordon, through the date of the filing of the Underlying Action, the Defendants have initiated or assisted in the transmission of unsolicited commercial electronic text messages to hundreds of Washington recipients without first obtaining those recipients' clear and affirmative consent. (Exh. "F", Complaint, ¶ 5.22.)

20.     As a result of the Defendants' actions and omissions, Gordon alleges that he and members of the putative class have suffered injuries-in-fact, including invasions of privacy, intrusion upon and occupation of the capacity of recipients' telephones or other devices and chattels, and wasted time and attention in tending to unsolicited and unwanted junk text messages. (Exh. "F", Complaint, ¶ 5.23.) Gordon alleges that he and members of the putative class are entitled to recover statutory damages of at least $500 for each of the Defendants' violations, plus actual damages, costs and fees as provided by applicable statutes. (Exh. "F", Complaint, ¶ 5.24.)

21.     The Underlying Action asserts a single cause of action against Defendants for Violation of Washington's Consumer Protection Act ("CPA"), Revised Code of Washington (RCW) 19.86, et seq.

22.     The Underlying Action alleges that the Defendants engaged in unfair acts and

3549478v.1
207948620_1 LAW

1    practices in the conduct of trade or commerce in a manner that offended the public interest and

2    caused injury to Gordon and actually injured, has the capacity to injure, or had the capacity to

3    injure other persons. (Exh. "F", Complaint, ¶ 6.3.)   The Underlying Action alleges that the

4    actions and omissions of the Defendants violated RCW 19.86, et seq.  (Exh. "F", Complaint,

5    ¶ 6.4.)

6         23.    The Underlying Action alleges that the Defendants initiated or assisted in the

7    transmission of one or more unsolicited commercial electronic text messages to Gordon and

8    putative class members without first obtaining those recipients' clear and affirmative consent to

9    receive such messages. (Exh. "F", Complaint, ¶ 6.6.)  The Underlying Action alleges that the

10   actions and omissions of the Defendants violated RCW 19.190.060(1).  (Exh. "F", Complaint,

11   ¶ 6.7.)

12        24.    As a result of the Defendants' actions and omissions, and pursuant to RCW

13   19.19.040(1), Gordon alleges that he and members of the putative class are each entitled to

14   recover $500, plus exemplary damages of $1,000, plus costs and reasonable attorneys' fees for

15   each CEMA violation committed by the Defendants.   (Exh. "F", Complaint, ¶¶ 6.11 and 6.12.)

16        25.    Gordon seeks the following relief in the Underlying Action:

17             a.   Declaring that the Underlying Action is properly maintainable as a Class

18                  action and certifying Gordon as Class representative and Kirk D. Miller of

19                  Kirk D. Miller, PS, and Brian G. Cameron and Shayne J. Sutherland of

20                  Cameron Sutherland, PLLC, as Class Counsel; (Exh. "F", Complaint,

21                  ¶ 7.1.)

22             b.   Awarding Gordon and the Class actual and statutory damages, costs, and

23                  fees pursuant to RCW 19.190.040(1) and RCW 19.86.090; (Exh. "F",

24                  Complaint, ¶ 7.2.)

25             c.   Awarding treble damages pursuant to RCW 19.86.090; (Exh. "F",

26                  Complaint, ¶ 7.3.)

27             d.   Granting injunctive relief prohibiting the Defendants from initiating or

28                  assisting in the transmission of unsolicited commercial electronic text

13

COMPLAINT FOR DECLARATORY RELIEF

messages without first obtaining targeted recipients' clear, affirmative, and express written consent to receive such messages; (Exh. "F", Complaint, ¶ 7.4.)

e.    Granting declaratory relief finding that the Defendants' conduct violated Washington's CEMA and CPA; (Exh. "F", Complaint, ¶ 7.5.)

f.    Awarding Gordon his costs in this action, including reasonable attorneys' fees and expenses; (Exh. "F", Complaint, ¶ 7.6.)   and

g.    Awarding Gordon and the Class such other and further relief as the Court may deem just and proper. (Exh. "F", Complaint, ¶ 7.7.)

26.    On or about October 30, 2019, Robinhood Markets tendered the Underlying Action to Sentinel for defense and indemnity.

**FIRST CAUSE OF ACTION**

**(For Declaratory Relief Re: No Duty to Defend)**

27.    Sentinel hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

28.    There exists a genuine and bona fide dispute and an actual controversy and disagreement between Sentinel and Defendants regarding whether Sentinel has a duty to defend Defendants in connection with the Underlying Action.

29.    Sentinel is informed and believes and thereon alleges that Defendants contend that Sentinel has a duty to defend Defendants in connection with the Underlying Action under the Policies.

30.    Sentinel contends that the Policies do not provide coverage for the defense of Defendants in the Underlying Action.

31.    In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policies, Sentinel has no duty to defend Defendants in the Underlying Action under the Policies or applicable law, in whole or in part, for the following reasons:

a.    The Underlying Action does not allege any "bodily injury" as that term is

COMPLAINT FOR DECLARATORY RELIEF

3549478v.1
207948620_1 LAW

defined by the Policies;

b.    The Underlying Action does not allege any "property damage" as that term is defined by the Policies;

c.    The Underlying Action does not allege any enumerated "personal and advertising injury" offense as defined by the Policies;

d.    The respective "Violation of Statutes That Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information" exclusions in the Primary and Excess Policies bars coverage for  any alleged "bodily injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate the TCPA including any amendment of or addition to such law;

e.    The respective "Violation of Statutes That Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information" exclusions in the Primary and Excess Policies bars coverage for  any alleged "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate the TCPA including any amendment of or addition to such law;

f.    The respective "Violation of Statutes That Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information" exclusions in the Primary and Excess Policies bars coverage for  any alleged "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate the TCPA;

g.    The "Personal and Advertising Injury" exclusion precludes coverage for "personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act;

h.    The "Personal and Advertising Injury" exclusion precludes coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information;

COMPLAINT FOR DECLARATORY RELIEF

3549478v.1
207948620_1 LAW

i. The "Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability" exclusion in the Primary Policies precludes coverage for damages, other than damages because of "personal and advertising injury", arising out of any "access to or disclosure of any person's or organization's confidential or personal information";

j. The "Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability" exclusion in the Primary Policies precludes coverage for damages arising out of "the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data";

k. No coverage is afforded for the Underlying Action under the Excess Policies to the extent the applicable limits of the Primary Policies have not been exhausted;

l. No coverage is afforded for the Underlying Action to the extent it does not seek "damages" under the Policies;

m. No coverage is afforded for the Underlying Action under the Excess Policies for any "bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate the TCPA, including any amendment of or addition to such law;

n. The "Access Or Disclosure Of Confidential Or Personal Information" Exclusion in the Excess Policies precludes coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information;

o. The "Personal and Advertising Injury" exclusion in the Excess Policies precludes coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information; and,

COMPLAINT FOR DECLARATORY RELIEF

3549478v.1
207948620_1 LAW

p.  No coverage is afforded to any Defendant which is not an Insured under the Policies.

32.    Sentinel also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the Policies not specifically identified herein that potentially limit or preclude coverage for the duty to defend the Defendants under the Policies for the Underlying Action.

33.    Sentinel seeks a declaration from this Court that Sentinel has no obligation to defend the Defendants in the Underlying Action pursuant to the Policies.

### SECOND CAUSE OF ACTION

**(For Declaratory Relief Re: No Duty to Indemnify)**

34.    Sentinel hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

35.    There exists a genuine and bona fide dispute and an actual controversy and disagreement between Sentinel and Defendants regarding whether Sentinel has a duty to indemnify Defendants in connection with the Underlying Action.

36.    Sentinel is informed and believes and thereon alleges that Defendants contend that Sentinel has a duty to indemnify Defendants in connection with the Underlying Action under the Policies.

37.    Sentinel contends that the Policies do not provide coverage for the indemnity of Defendants in the Underlying Action.

38.    In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policies, Sentinel has no duty to indemnify Defendants in the Underlying Action under the Policies or applicable law, in whole or in part, for the following reasons:

a.    The Underlying Action does not allege any "bodily injury" as that term is defined by the Policies;

b.    The Underlying Action does not allege any "property damage" as that term is defined by the Policies;

COMPLAINT FOR DECLARATORY RELIEF

3549478v.1
207948620_1 LAW

c.     The Underlying Action does not allege any "personal and advertising injury" offense as defined by the Policies;

d.     The respective "Violation of Statutes That Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information" exclusions in the Primary and Excess Policies bars coverage for  any alleged "bodily injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate the TCPA including any amendment of or addition to such law;

e.     The respective "Violation of Statutes That Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information" exclusions in the Primary and Excess Policies bars coverage for  any alleged "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate the TCPA including any amendment of or addition to such law;

f.     The respective "Violation of Statutes That Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information" exclusions in the Primary and Excess Policies bars coverage for  any alleged "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate the TCPA;

g.     The "Personal and Advertising Injury" exclusion precludes coverage for "personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act;

h.     The "Personal and Advertising Injury" exclusion precludes coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information;

i.     The "Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability" exclusion in the Primary Policies precludes coverage for damages, other than damages because of "personal and

18

COMPLAINT FOR DECLARATORY RELIEF

advertising injury", arising out of any "access to or disclosure of any person's or organization's confidential or personal information";

j.  The "Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability" exclusion in the Primary Policies precludes coverage for damages arising out of "the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data";

k.  No coverage is afforded for the Underlying Action under the Excess Policies to the extent the applicable limits of the Primary Policies have not been exhausted;

l.  No coverage is afforded for the Underlying Action to the extent it does not seek "damages" under the Policies;

m.  No coverage is afforded for the Underlying Action under the Excess Policies for any "bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate the TCPA, including any amendment of or addition to such law;

n.  The "Access Or Disclosure Of Confidential Or Personal Information" Exclusion in the Excess Policies precludes coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information;

o.  The "Personal and Advertising Injury" exclusion in the Excess Policies precludes coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information; and,

p.  No coverage is afforded to any Defendant which is not an Insured under the Policies.

39.  Sentinel also relies upon all additional terms, definitions, exclusions, conditions,

COMPLAINT FOR DECLARATORY RELIEF

and endorsements in the Policies not specifically identified herein that potentially limit or preclude coverage for the duty to indemnify Defendants under the Policies for the Underlying Action.

40.     Sentinel seeks a declaration from this Court that Sentinel has no obligation to indemnify Defendants in the Underlying Action pursuant to the Policies.

## **PRAYER**

WHEREFORE, Sentinel prays for judgment against Defendants as follows:

1.     That the Court determine, decree, and adjudge that Sentinel is entitled to a declaration that it has no duty to defend Defendants in the Underlying Action under the Policies;

2.     That the Court determine, decree, and adjudge that Sentinel is entitled to a declaration that it has no duty to indemnify Defendants in the Underlying Action under the Policies;

3.     For attorneys' fees and costs;

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the Court deems fit and proper under the circumstances and evidence.

Dated:  January 7, 2020                    WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP


                                           By:  */s/ David Simantob*
                                                David Simantob
                                                Lilian M. Khanjian
                                                *Attorneys for Plaintiff SENTINAL INSURANCE COMPANY, LTD.*

COMPLAINT FOR DECLARATORY RELIEF

3549478v.1
207948620_1 LAW